UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GLORIA CLEVELAND,

                     Plaintiff,

v.

C R BARD INCORPORATED and
BARD PERIPHERAL VASCULAR
INCORPORATED,

                     Defendants.

**REPORT AND RECOMMENDATION**

**Case No. 1-20-cv-01351-JLS-JJM**

---

On September 25, 2020 I notified the parties that a telephonic scheduling conference would be held on October 29, 2020 at 2:00 p.m. [21].[1] Although defense counsel called in for that conference, plaintiff's counsel did not [26]. Therefore, by Text Order issued that same day [27], I rescheduled the conference for this morning at 10:00 a.m., and stated that "Plaintiff's unexcused failure to timely participate in the November 6, 2020 conference will result in my recommendation that the case be dismissed pursuant to Fed. R. Civ. P. ('Rule') 41(b)". Once again, defense counsel called in for this morning's conference, and once again - despite being warned of the consequences - plaintiff's counsel did not. Therefore, I recommend that this action be dismissed, on the merits, pursuant to Rule 41(b).

Unless otherwise ordered by District Judge John L. Sinatra, Jr., any objections to this Report and Recommendation must be filed with the clerk of this court by November 20, 2020. Any requests for extension of this deadline must be made to Judge Sinatra. A party who

---

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

"fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: November 6, 2020

                 ____/s/ Jeremiah J. McCarthy_____
                 JEREMIAH J. MCCARTHY
                 United States Magistrate Judge